**UNITED STATES COURT OF APPEALS**

**August 4, 2009**

**TENTH CIRCUIT**

KERRY LUCERO,

    Petitioner - Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; ROGER
WERHOLTZ, Kansas Secretary of
Corrections; STEPHEN SIX, Attorney
General for the State of Kansas,

    Respondents - Appellees.

No. 09-3085
(D.C. No. 08-CV-3062-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Kerry Lucero seeks a certificate of appealability

("COA") that would allow him to appeal from the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  We conclude

---

[*]    This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.  After examining the Petitioner's brief and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter.  *See* Fed. R. App. P. 34(a).  The case is therefore ordered submitted without oral argument.

[1]    Because Mr. Lucero is proceeding pro se, we review his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S.*

(continued...)

that Mr. Lucero's release from prison has mooted his appeal. Accordingly, we deny him a COA.

## BACKGROUND

In 1989, Mr. Lucero was convicted in Kansas state court of aggravated battery, aggravated robbery, and kidnapping. He was sentenced to 7-20 years' imprisonment, with his sentences for these crimes to run concurrently with each other. A month later, he was convicted of a drug crime in the same state court and received a sentence of 1-3 years' imprisonment, to be served consecutive to his earlier sentence. His sentences were then aggregated to a total of 8-23 years' imprisonment.

In 2001, Mr. Lucero was placed on conditional release, but he returned to prison in 2004 after he violated his parole. Upon his return to prison, he filed a motion in state district court under K.S.A. § 60-1501, arguing that his sentences had been unconstitutionally and illegally aggregated. The court disagreed and dismissed his petition. The Kansas Court of Appeals affirmed. *See Lucero v. Cline*, No. 96,343, 2007 WL 1461394, at *1 (Kan. App. May 18, 2007).

Mr. Lucero then filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2241. He argued that the state statute providing for aggregation, K.S.A. § 21-4608(f)(4), was unconstitutional, and that his sentences had been illegally aggregated. After Mr. Lucero filed his petition, Kansas released him from prison. The district court dismissed his petition, finding that

---

[1](...continued)
*Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

-2-

his claims actually only involved issues of state law and therefore did not present a valid legal basis for federal habeas corpus relief. The court also noted that Mr. Lucero's "release from prison may moot his claim for immediate release, [but] it did not moot his claim, raised in this Petition filed before his release, that he was held beyond his lawful sentences." R., Vol. I, Doc. 9, at 11 (Dist. Ct. Order, dated Mar. 3, 2009). Mr. Lucero requested a COA, which the district court denied. He now renews his request for a COA with this court.

## DISCUSSION

The federal writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). Although Mr. Lucero is no longer in prison, the "in custody" requirement of § 2241 is satisfied because he filed his habeas application while he was incarcerated. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002). However, the "more substantial question" is whether Mr. Lucero's release from prison moots his petition because we are no longer presented with a case or controversy as required under Article III of the Constitution. *Spencer*, 523 U.S. at 7.

This Court has held that

> [m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome.

*McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citation

-3-

omitted). Since a federal court has no authority to give opinions upon moot questions, if an event occurs during the pendency of an appeal that makes it impossible for the court to grant any effectual relief, the appeal must be dismissed. *See Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

When a prisoner has been released from custody while his or her habeas petition is pending, the court's jurisdiction depends upon the existence of "collateral consequence[s] of the conviction" adequate to meet Article III's injury-in-fact requirement. *Spencer*, 523 U.S. at 7, 14 (internal quotation marks omitted). In other words, the petitioner must demonstrate "some concrete and continuing injury." *Id.* at 7; *see, e.g.*, *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (holding that the defendant's inability to engage in certain businesses, serve as an official of a labor union, vote in an election, and serve as a juror due to his conviction defeated the mootness challenge to his appeal).

In his application for a COA, Mr. Lucero has not identified any collateral consequences associated with his previous incarceration. And, based on the record before us, nor can we. He does not attack his criminal convictions, but merely alleges that his sentences were illegally increased. *See Spencer*, 523 U.S. at 8 (noting a "willing[ness] to presume that a wrongful criminal conviction has continuing collateral consequences"). While he initially asked the district court to release him from prison, he now only requests that we "issue a certificate of probable cause so that [he] may appeal the [district court's] order . . . denying [his] application for writ of habeas corpus." Aplt. Br. at 3. However, the federal courts "are not in the business of pronouncing that past actions which have no

-4-

demonstrable continuing effect were right or wrong." *Spencer*, 523 U.S. at 18.

Since Mr. Lucero has been released from custody, he has already received his

requested relief, and there is simply "nothing for us to remedy." *Id.* We

therefore hold that Mr. Lucero's "release from detention moots his challenge to

the legality of his [imprisonment]." *Riley*, 310 F.3d at 1257.

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Lucero's motion for a COA as

moot, **DISMISS** the appeal, **VACATE** the district court's judgment, and

**REMAND** to the court with instructions to dismiss without prejudice the

underlying case as moot.[2]

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[2] Because Mr. Lucero's petition was mooted by the government's decision to release him from custody, vacatur of the district court's judgment is appropriate. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950); *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1213 (10th Cir. 2005) ("[I]t is frequently appropriate for an appellate court to vacate the judgment below when mootness results from happenstance or the actions of the prevailing party."); *McAlpine v. Thompson*, 187 F.3d 1213, 1214-15 (10th Cir. 1999) (vacating the district court's order and remanding to the district court with instructions to dismiss the inmate's petition as moot where inmate was released from prison); *cf. Miller v. Glanz*, No. 09-5005, 2009 WL 1741386, at *2 (10th Cir. June 22, 2009) (unpublished) (discussing the distinction between cases mooted when appeal is pending and cases mooted when COA is pending and noting that while in the COA case, the appellate court has never exercised jurisdiction over the merits of the appeal itself, "we see no reason why the court's undeniable jurisdiction over the COA application is not sufficient to enable it to effect the *Munsingwear* procedure").