FILED
United States Court of Appeals
Tenth Circuit

September 19, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RICHARD G. KIRBY,

        Plaintiff-Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; JAMES
JANECKA, Warden,

        Defendants-Appellees.

No. 11-2082
(D.C. No. 1:08-CV-00887-JB-DJS)
(D.N.M.)

---

**ORDER**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

This matter is before the court on consideration of Appellant's petition for panel rehearing. Pursuant to Federal Rule of Appellate Procedure 40(a)(4)(C), we **GRANT** Appellant's petition for panel rehearing. The previous Order Denying Certificate of Appealability, *Kirby v. Attorney General of New Mexico*, No. 11-2082, 2011 WL 3664281 (10th Cir. Aug. 22, 2011), is vacated and the attached amended Order Denying Certificate of Appealability is substituted in its place.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

September 19, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RICHARD G. KIRBY,

      Plaintiff-Appellant,

v.

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO; JAMES
JANECKA, Warden,

      Defendants-Appellees.

No. 11-2082
(D.C. No. 1:08-CV-00887-JB-DJS)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner Richard Kirby, a former New Mexico state prisoner proceeding

pro se,[1] seeks a Certificate of Appealability ("COA") to appeal the district court's

---

    [*]    This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

    After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

    [1]    Because Mr. Kirby is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

denial of: (1) his 28 U.S.C. § 2254 habeas petition; (2) his "Petition for Coram Nobis," which the district court construed as a supplemental § 2254 habeas pleading; and (3) his Federal Rule of Civil Procedure Rule 59(e) motion, which the district court construed as a second or successive § 2254 habeas petition.  Mr. Kirby also seeks to challenge the district court's refusal to expand the record or grant an evidentiary hearing below.  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Kirby's request for a COA on all claims and dismiss his appeal.

## BACKGROUND

Mr. Kirby was convicted by jury in state court of fraud over $250.[2]  His conviction was "based on evidence that [he] hired Loren Collett to design a website for him, and then failed to pay Mr. Collett."  R., Vol. I, at 25 (State Ct. Mem. Op., filed May 10, 2005).  More specifically, as described by the federal magistrate judge in this case:

---

[2] The New Mexico fraud statute in effect when Mr. Kirby was indicted and convicted read, in part: "Whoever commits fraud when the value of the property misappropriated or taken is over two hundred fifty dollars ($250) but not more than twenty-five hundred dollars ($2,500) is guilty of a fourth degree felony."  N.M. Stat. Ann. § 30-16-6 (1987); *see also* R., Vol. I, at 35 (*State v. Kirby*, 161 P.3d 883, 884 (N.M. 2007)) ("Defendant was charged with one count of fraud over $250 but less than $2,500, a fourth degree felony." (citing N.M. Stat. Ann. § 30-16-6 (1987))).

The statute was amended in 2006.  Under the amended fraud provision, fraud over $250 but less than $500 is a misdemeanor, while fraud over $500 but less than $2,500 is a fourth degree felony.  *See* N.M. Stat. Ann. § 30-16-6 (2006).

> Kirby owned a small business. He hired the victim, Loren Collett, to design and develop a website and the two entered into a website design contract under which Kirby was to pay Collett $1,890 for his design services. Collett provided the designs and incorporated them into Kirby's website, but Kirby did not pay him. When Collett allegedly changed the password to prevent Kirby from utilizing the designs, Kirby, who claims he was the "designated administrator" of the website, had the web space provider reset the password thereby blocking Collett's attempts to secure the designs pending payment for services.

*Id.* at 873–74 (Magistrate Judge's Proposed Findings & Recommended Disposition, filed Nov. 4, 2010).

The New Mexico district court sentenced Mr. Kirby to eighteen months' incarceration, followed by one year of supervised release. The conviction and sentence were ultimately affirmed by the New Mexico Supreme Court in 2007. The district attorney then filed a Supplemental Criminal Information asserting that Mr. Kirby qualified as a habitual offender under N.M. Stat. Ann. § 31-18-17B, and therefore his sentence should be increased by four years as required by that provision. *See* N.M. Stat. Ann. § 31-18-17B ("A person convicted of a noncapital felony in this state . . . who has incurred two prior felony convictions that were parts of separate transactions or occurrences or conditional discharge . . . is a habitual offender and his basic sentence shall be increased by four years."). The trial court agreed and issued an amended judgment, which added four years to Mr. Kirby's prison sentence, resulting in a sixty-six-month sentence. Mr. Kirby then appealed the sentence enhancement.

4

In September 2008, while the sentence appeal was pending in state court, Mr. Kirby filed a habeas application pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of New Mexico. In December 2009, Mr. Kirby filed a "Petition for Coram Nobis" with the federal district court, which both informed the court that the state courts had rejected his sentence appeal and asserted several challenges to the sentence enhancement.[3] "[A]s of August 19, 2010, Kirby had completed both the original and enhanced sentences, as well as the period of parole associated with the fraud conviction." R., Vol. I, at 869.

In his § 2254 habeas application, Mr. Kirby raised ten challenges: (1) "the fraud conviction violates his due process rights because it involved an unforeseeable interpretation of the law," *id.* at 873; (2) his due-process rights were violated because "the New Mexico fraud statute is vague as applied to him," *id.* at 879; (3) the New Mexico state court lacked subject-matter jurisdiction, *id.* at 881; (4) there was insufficient evidence adduced at trial to demonstrate "that someone other than [Mr. Kirby] owned the website," a required element under the state fraud statute, *id.* at 882–83; (5) the restitution award issued against him was impermissible, *id.* at 883–84; (6) his "due process rights were violated by the

---

[3] The State initially sought dismissal of the habeas application on the ground that Mr. Kirby's appeal of the sentence enhancement was still pending, and thus his available state-court remedies had not been exhausted. However, Mr. Kirby's petition for coram nobis established that his sentence enhancement had become final with the New Mexico Supreme Court, which satisfied the exhaustion requirement.

prosecution's failure to disclose that a fact witness, Rob Narvaez, would also be called upon as an expert to give testimony as to the value of the web page work," *id.* at 884; (7) his trial counsel was ineffective, *id.* at 885–86; (8) the trial court impermissibly limited the testimony of two defense witnesses, *id.* at 886; (9) there was insufficient evidence adduced at trial "to show that the website had a market value of over \$250," *id.* at 887–88; and (10) "his conviction violates due process principles because a fraud conviction cannot be based on unfulfilled promises or statements as to future events," *id.* at 888. Mr. Kirby also raised several challenges to the habitual-offender sentence enhancement, and requested that the district court expand the record.

Adopting the recommendations of the magistrate judge, the district court first held that Mr. Kirby's challenges to the sentence enhancement—raised in his petition for coram nobis, "which the [district court] construe[d] as a supplement[al] [habeas] pleading," *id.* at 867—were moot because he had completed his sentence and probation and had not demonstrated any collateral consequences flowing from the enhancement. The district court also rejected all of Mr. Kirby's challenges to his conviction and original sentence, refused to permit an expansion of the record, and dismissed the initial habeas petition with prejudice and his supplemental habeas petition (i.e., the coram-nobis petition regarding the sentence enhancement) without prejudice. The district court declined to grant Mr. Kirby a COA.

6

Mr. Kirby then filed a Rule 59(e) motion, which essentially reargued several of the issues that had been previously raised and rejected in the federal habeas proceedings. The district court concluded that "Kirby's motion constitutes a second or successive petition," and dismissed it for lack of jurisdiction because the petition had not been authorized by this court under 28 U.S.C. § 2244(b). *Id.* at 946 (Mem. Op. & Order, filed Mar. 25, 2011).

Mr. Kirby now seeks a COA to appeal the district court's denial of his § 2254 habeas petition, his supplemental § 2254 habeas pleading (i.e., his coram-nobis petition), and his Rule 59(e) motion. Mr. Kirby also seeks to challenge the district court's refusal to expand the record or grant an evidentiary hearing. In total, he raises nine challenges on appeal: (1) the district court erred in denying Mr. Kirby's Rule 59(e) motion; (2) the evidence failed to conform to the unopposed jury instructions; (3) his conviction violates his due-process rights because it involved an unforeseeable interpretation of the state fraud statute; (4) his due-process rights were violated because the state fraud statute is vague as applied to him; (5) there was insufficient evidence produced at trial to demonstrate that someone other than Mr. Kirby owned the website; (6) there was insufficient evidence produced at trial to demonstrate that the website had a value in excess of $250; (7) his conviction should be vacated because a fraud conviction cannot be predicated on unfulfilled promises; (8) the district court erred in holding that the challenges to his sentence enhancement were moot; and (9) the

district court erred in refusing to expand the record or hold an evidentiary hearing. Each issue is addressed in turn.

## DISCUSSION

### I.    Standard of Review

A COA is a jurisdictional prerequisite to this court's review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); *accord Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We will issue a COA only if the applicant "makes a 'substantial showing of the denial of a constitutional right.'" *Clark*, 468 F.3d at 713 (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, "the applicant must show 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Put differently, "the applicant must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Id.* (quoting *Slack*, 529 U.S. at 484). Furthermore, when the district court denies relief to an applicant "on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'"

8

*Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting *Slack*, 529 U.S. at 484).

To the extent that the state court decided Mr. Kirby's claims on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies, and we must incorporate AEDPA's "deferential treatment of state court decisions . . . into our consideration of [Mr. Kirby's] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, Mr. Kirby is entitled to federal habeas relief only if he can show that the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *accord Phillips v. Workman*, 604 F.3d 1202, 1209 (10th Cir. 2010).

When making our determination, "[w]e presume the factual findings of the state court are correct unless the petitioner rebuts that presumption by 'clear and convincing evidence.'" *Welch v. Workman*, 639 F.3d 980, 991 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(e)(1)).

## II. Dismissal of Rule 59(e) Motion for Lack of Jurisdiction

Mr. Kirby's first issue asks "[w]hether the district court's characterization

9

of [his] timely Rule 59(e) Motion . . . as a successive petition" and the court's consequent dismissal of his motion for lack of jurisdiction constitute error. Aplt. Combined Opening Br. & Appl. for COA at 4 [hereinafter Aplt. Combined Br.]. To the extent that Mr. Kirby is challenging the district court's characterization of his Rule 59(e) motion as a second or successive petition, his position is untenable. Mr. Kirby's motion plainly reargues the issues presented to and rejected by the district court in the habeas proceeding. *Cf. United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (stating that "a purported Rule 60(b) motion that 'in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction' is actually a second or successive habeas petition" (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006))).

Furthermore, it is well-settled that "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization [under§ 2244(b)]," *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008), *and* it is undisputed that Mr. Kirby did not seek (or obtain) such authorization. Consequently, the district court did not err in dismissing the successive petition for lack of jurisdiction. Reasonable jurists could not disagree with this outcome.

## III. Jury Instructions and Law of the Case

Mr. Kirby frames his second issue in the following manner:

> Whether the unopposed jury instruction "This website belonged

10

to someone other than the defendant" became an element of the case and formed the law of the case[,] and because the only evidence presented at trial on the status of the ownership of the website was from the alleged victim stating "Mr. Kirby was the owner and administrator", the conviction must be vacated?

Aplt. Combined Br. at 5.

To the extent that Mr. Kirby is raising a sufficiency-of-the-evidence challenge regarding whether someone other that Mr. Kirby owned the website—a required element of the fraud charge—we address that contention in Part VI *infra*. However, insofar as Mr. Kirby is bringing a challenge related to the jury instructions or the law-of-the-case doctrine, he did not raise these issues before the district court. Generally, we "will not consider an issue raised for the first time on appeal." *Tele-Commc'ns, Inc. v. Comm'r of Internal Revenue*, 12 F.3d 1005, 1007 (10th Cir. 1993). Mr. Kirby's failure to argue for application of the plain-error standard in this instance "surely marks the end of the road for [this] argument for reversal not first presented to the district court." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).[4]

## IV. Due Process—Fair Warning

Under Mr. Kirby's next claim, he argues that his due-process rights were violated because he was not given fair warning of the statute's scope. As the

---

[4] In fact, Mr. Kirby raises several arguments for the first time on appeal, and nowhere in his briefing before this court does he assert that the plain-error standard should apply to these claims. Accordingly, as discussed throughout this Order, all of Mr. Kirby's late-blooming challenges are clearly waived.

11

district court framed it, "Kirby attacks his state-court fraud conviction on the grounds that he was convicted of a new and novel principle of law in violation of due process that neither the statute nor any prior judicial decision has fairly disclosed to be within the statute's scope."  R., Vol. I, at 916 (Mem. Op. & Order Adopting Magistrate Judge's Proposed Findings & Recommended Disposition, filed Dec. 30, 2010) (internal quotation marks omitted).  "This 'novel principle,' according to Kirby, is the principle that the designer of web pages may be found to be the owner of the website on which they are displayed."  *Id.*; *see* Aplt. Combined Br. at 11 (arguing that he was not given "fair warning . . . in language a person of ordinary intelligence would [understand] that a webpage designer would own the website they designed the pages for").

Mr. Kirby presented this challenge in his state post-conviction proceedings. The New Mexico Supreme Court—"having considering [Mr. Kirby's] petition, and being sufficiently advised [on the matter]"—denied his due-process challenge.  R., Vol. I, at 94 (Order, dated Aug. 8, 2008).  Applying AEDPA deference, the district court (adopting the magistrate judge's recommendation) held that the New Mexico Supreme Court's adjudication of this claim was neither contrary to nor an unreasonable application of Supreme Court precedent.[5]  *Id.* at

---

[5]    The magistrate judge concluded, and the district court agreed, that "[t]he New Mexico Supreme Court's disposition of Kirby's state habeas petition, though summary, qualifies as a disposition on the merits and is therefore entitled to deferential review."  R., Vol. I, at 876 (citing *Aycox v. Lytle*, 196 F.3d 1174,

(continued...)

12

879, 919.

Before this court, Mr. Kirby has utterly failed to demonstrate that he is entitled to relief—that is, he has not shown "that reasonable jurists would find the district court's assessment of the [due process] claim[] debatable or wrong." *Slack*, 529 U.S. at 484. In his combined brief, Mr. Kirby spends three pages laying out what he deems to be the applicable legal framework for his due-process challenge, citing the holdings of both the Supreme Court and the Tenth Circuit. However, he does not even attempt to explain why he is entitled to relief under that framework, and he makes no effort to specifically discuss the district court's resolution of this claim, much less explain how reasonable jurists could debate the correctness of that resolution. This is insufficient to carry his burden. Specifically, Mr. Kirby's conclusory assertion that his due-process rights were violated—without any factual foundation or legal analysis to support his claim—does not entitle him to relief. *See, e.g.*, *Walker v. Gibson*, 228 F.3d 1217,

---

[5](...continued)
1177–78 (10th Cir. 1999)). In *Aycox*, we noted that "a summary decision . . . can constitute an 'adjudication on the merits' for purposes of § 2254(d), provided that the decision was reached on substantive rather than procedural grounds." 196 F.3d at 1177. This is particularly true where "[t]here is no evidence . . . that the state court did not consider and reach the merits of [the petitioner's] claim." *Id.* In this case, the New Mexico Supreme Court's explicitly stated that it had "considered" and "be[en] sufficiently advised [on]" the issue before denying it, R., Vol. I, at 94, and there is no indication that the denial was based on procedural grounds. Furthermore, Mr. Kirby does not object to the district court's characterization of the New Mexico Supreme Court's decision. Accordingly, the district court properly applied AEDPA's deferential standard of review to this claim.

13

1240 (10th Cir. 2000) (stating that "unsupported and undeveloped [habeas] issues" do not entitle a petitioner to relief (quoting *Moore v. Gibson*, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999)) (internal quotation marks omitted)), *abrogated on other grounds by Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001). Accordingly, he is not entitled to a COA on this issue.

## V.  Due Process—Vagueness

Mr. Kirby brings a second, related due-process challenge, arguing that the fraud statute is vague as applied to him.  More specifically, he argues that the statute is void for vagueness because neither the statute nor any prior judicial decision put him on notice that his actions—i.e., preventing Mr. Collett from accessing the web pages he created and copyrighted—were subject to criminal liability.

The district court, accepting the magistrate judge's recommendation, held that Mr. Kirby was not entitled to habeas relief on this claim.  "Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk."  R., Vol. I, at 880 (quoting *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988)) (internal quotation marks omitted).  The district court concluded that the fraud statute—providing that "[f]raud consists of the intentional misappropriation or taking of anything of value which belongs to another by means of fraudulent conduct, practices or representations," N.M. Stat. Ann. § 30-

14

16-6—was not unconstitutionally vague as applied to Mr. Kirby because "[a] person of ordinary intelligence would understand that the designer of the web pages has an ownership interest in the website on which the pages are displayed," R., Vol. I, at 880. Thus, "[e]ven if Kirby owned the domain name and the webspace, Collett owned the designs and the copyright to the pages displayed on the website," and "[b]y blocking Collett from accessing the website before paying him for the designs, Kirby should have known that his conduct was at risk for criminal liability." *Id.* at 880–81. Reasonable jurists could not disagree with this outcome.

Mr. Kirby first argues that the decision of the New Mexico Supreme Court, and the recommendation of the federal magistrate judge, were based on a factual error—*viz.*, "the fallacious premise that [he] had barred access to Collett." Aplt. Combined Br. at 15. The district court considered and rejected this argument. Reasonable jurists could not debate the correctness of this resolution.[6] Assuming, *arguendo*, that the factual determination that Mr. Kirby excluded or barred Mr.

---

[6] The district court apparently viewed Mr. Kirby's factual-error challenge as part and parcel of his request to expand the record. However, we are constrained to disagree. Before the district court, Mr. Kirby raised his factual-error argument in the context of his objections to the magistrate judge's recommendation. *See* R., Vol. I, at 890. The argument was not necessarily a component of his request for leave to expand the record. Moreover, in seeking a COA from this court, Mr. Kirby is quite clear that the factual-error argument is part of his vagueness challenge. Although we do not view the factual-error issue as falling under the umbrella of Mr. Kirby's request to expand the record, as noted above, we conclude that the district court's ultimate resolution of the challenge could not be debated by reasonable jurists.

Collett was incorrect, Mr. Kirby would still not be entitled to relief because that determination was not "an *unreasonable determination* of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Section 2254(d)(2) does not instruct federal courts to determine whether the state court made a *correct* determination, but rather whether the state court made an *unreasonable* determination. In this case, Mr. Collett stated that "the password [was] changed from what [he] had changed it to," and he "did [not] know what the password had been changed to." Dist. Ct. Doc. 37-2 at 57 (Aug. 13, 2010). He further stated that the change "kept [him] from removing all the files [he] had created," and that he could "no longer access it" because Mr. Kirby "had taken control of the website." *Id.* Thus, based on this testimony, it cannot be said that the factual determination that Mr. Kirby excluded or barred Mr. Collett was unreasonable. The district court correctly rejected Mr. Kirby's factual-error argument.

As to the legal merits of the vagueness challenge, we conclude that Mr. Kirby is not entitled to a COA on this issue. Our holding is based on substantially the same grounds as articulated by the magistrate judge and adopted by the district court. In order to succeed under this challenge, Mr. Kirby was required to demonstrate that the New Mexico fraud statute failed to give him "fair warning, at the time of [his] conduct . . . , that the act for which [he] now stand[s] convicted was rendered criminal by the statute." *Bouie v. City of Columbia*, 378 U.S. 347, 355 (1964). His challenge can "be overcome . . . [if] reasonable

16

persons would know that their conduct is at risk" under the statute. *Maynard*, 486 U.S. at 361. As the magistrate judge correctly concluded, and the district court recognized, "[a] person of ordinary intelligence would understand that the designer of the web pages has an ownership interest in the website on which the pages are displayed," R., Vol. I, at 880—especially when the designer has not been paid for that design work. Therefore, "[b]y blocking Collett from accessing the website before paying him for the designs, Kirby should have known that his conduct was at risk for criminal liability." *Id.* at 880–81. Reasonable jurists could not disagree with this outcome.

Mr. Kirby argues, as he did before the district court, that "there is a need for [the] court to locate a published decision[] with fundamentally similar facts[,] *prior to* Kirby's actions[,] to be able to [overcome] the vagueness challenge [and thereby] allow affirmation of Kirby's conviction." Aplt. Combined Br. at 17 (emphasis added). Contrary to Mr. Kirby's assertion, however, this statement does not reflect the Supreme Court's (or Tenth Circuit's) vagueness jurisprudence. It appears, as the district court noted, that Mr. Kirby may be confusing the vagueness doctrine with the doctrine of qualified immunity. To defeat a claim of qualified immunity, a plaintiff must demonstrate that the constitutional right allegedly violated "was clearly established at the time of the alleged unlawful activity," *Swanson v. Town of Mountain View, Colo.*, 577 F.3d 1196, 1199 (10th Cir. 2009); "[o]rdinarily, in order for the law to be clearly

17

established, there must be a Supreme Court or Tenth Circuit decision *on point*, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains," *Medina v. City & Cnty. of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992) (emphasis added), *overruled in part by Williams v. City & Cnty. of Denver*, 99 F.3d 1009 (10th Cir. 1996). The law of qualified immunity, however, has no bearing on whether Mr. Kirby has successfully asserted a vagueness challenge. Accordingly, this argument is unavailing.[7] Mr. Kirby is not entitled to a COA on this claim.

## VI.    Sufficiency of the Evidence—Ownership of the Website

Mr. Kirby next argues that there was insufficient evidence to support his conviction. More specifically, he argues there was not "any evidence, much less substantial evidence, produced at trial [to demonstrate] that someone other than [Mr. Kirby] owned the website." Aplt. Combined Br. at 18.[8] In assessing a

---

[7]    Mr. Kirby also briefly argues that we should apply the rule of lenity in this case and construe the fraud statute in his favor. First, it appears that Mr. Kirby is raising the rule-of-lenity argument for the first time on appeal. Thus, it is waived. *See supra* note 4 and accompanying text. In any event, "the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what [the legislature] intended." *Barber v. Thomas*, 130 S. Ct. 2499, 2508–09 (2010) (citations omitted) (internal quotation marks omitted). It cannot be said in this case that there is "grievous ambiguity or uncertainty in the statute." *Id.* at 2508. Thus, this argument is unpersuasive.

[8]    As the magistrate judge explained:

The jury was instructed that to find Kirby guilty of fraud, the
(continued...)

18

sufficiency-of-the-evidence challenge, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The New Mexico Supreme Court reviewed this claim under the *Jackson* standard and held that "a rational jury could have concluded that Collett owned the website and its contents, and that Kirby had therefore committed fraud by taking property that belonged to someone other than himself." R., Vol. I, at 883. This holding was based on evidence presented at trial, which included "the contract between Collett and Kirby, testimony that Collett owned the computer programming that made the web pages viewable, and testimony that Kirby changed the password and locked Collett out of access to his copyrighted pages." *Id.* The district court, accepting the magistrate judge's recommendation, concluded that the state court's "determination was a proper application of *Jackson* based on the facts of this case," and thus it was "neither contrary to nor an unreasonable application of federal law." *Id.* Reasonable jurists could not

---

[8](...continued)
> State had to prove the following three elements beyond a reasonable doubt: (1) Kirby intended to "deceive or cheat" Collett; (2) Kirby had "obtained a website"; and (3) *the website belonged to someone other than Kirby*.

R., Vol. I, at 874 (emphasis added). Mr. Kirby does not contest the sufficiency of the evidence as to the first two enumerated elements.

19

disagree with this conclusion.

Before this court, Mr. Kirby's only argument is that Mr. Collett testified that "Mr. Kirby was the owner and administrator" of the website, and that the state court "did not have the authority to usurp Collett's testimony that Kirby owned the website." Aplt. Combined Br. at 19. As the district court correctly pointed out, however, a rational jury could have found that the web pages belonged to Mr. Collett based on the other evidence presented at trial, despite Mr. Collett's allegedly conflicting statement. *See, e.g.*, *McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010) ("*Jackson* requires a reviewing court to review the evidence in the light most favorable to the prosecution. Expressed more fully, this means a reviewing court faced with a record of historical facts that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." (citations omitted) (internal quotation marks omitted)). Accordingly, this argument is without merit, and Mr. Kirby is not entitled to a COA on this claim.

## VII.  Sufficiency of the Evidence—Value of the Website

Mr. Kirby next contends that there was insufficient evidence to demonstrate that the website had a market value of over $250.[9] He first takes issue with the

---

[9]    As noted above, the state fraud statute in effect at the time Mr. Kirby was indicted stated that "[w]hoever commits fraud when the value of the property misappropriated or taken is *over two hundred fifty dollars ($250)* but not more than twenty-five hundred dollars ($2,500) is guilty of a fourth degree felony."

20

standard of review applied by the district court, which he suggests was an "unreasonable application" of Supreme Court case law. Aplt. Combined Br. at 19. More specifically, he argues that the district court incorrectly analyzed this claim under the *Jackson* framework when it "should have been resolved by asking whether the . . . error had a substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 19–20 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)) (internal quotation marks omitted).

It is well-established that "[t]he controlling standard for insufficient evidence claims asserted by state habeas petitioners was established by the Supreme Court in *Jackson v. Virginia.*" *Johnson v. Mullin*, 505 F.3d 1128, 1134 (10th Cir. 2007); *accord Schlup v. Delo*, 513 U.S. 298, 330 (1995) (stating that, on habeas review, "the standard of *Jackson v. Virginia* . . . governs review of claims of insufficient evidence"). On the other hand, the standard urged by Mr. Kirby—articulated in *Brecht v. Abrahamson*—is a harmless-error standard, which is only applied once a reviewing court has determined that a constitutional error has been committed. *See, e.g.*, *Welch v. Workman*, 639 F.3d 980, 992 (10th Cir. 2011) (en banc) ("If constitutional error *is committed*, we look to whether 'the prejudicial impact of constitutional error in [the] state-court criminal trial' rises to

---

[9](...continued)
N.M. Stat. Ann. § 30-16-6 (1987) (emphasis added). Thus, the government was required to prove beyond a reasonable doubt that "the value of the property misappropriated" was more than $250.

the 'substantial and injurious effect standard set forth in *Brecht v. Abrahamson*."
(alteration in original) (emphasis added) (quoting *Fry v. Pliler*, 551 U.S. 112,
120, 121 n.3 (2007))). Accordingly, Mr. Kirby's argument regarding the standard
of review is without merit.

Next, Mr. Kirby argues that there was insufficient evidence to demonstrate
that the website had a value of more than $250 because "[t]he record does not
support any reference to the value of the website [itself]," but "only deals with
suggested value to the work [done] on the web pages." Aplt. Combined Br. at 20.
The state court rejected this argument, "not[ing] that Kirby had agreed to pay
Collett $1,890 for designing the web pages and that [a witness] testified [that] the
work Collett provided was worth $600 to $700." R., Vol. I, at 888. The federal
district court concluded that Mr. Kirby was not entitled to habeas relief on this
claim because, "even if there were no evidence as to the value of the website
itself, a rational jury could reasonably infer that the value of the website was at
least equal to the value of the design service." *Id.* Thus, the state court's
adjudication of the matter was not contrary to nor an unreasonable application of
federal law. Reasonable jurists could not disagree with this outcome.

Mr. Kirby does not even attempt to undermine the evidence presented
regarding the agreement to pay Mr. Collett $1890 or the witness's $600-to-$700
valuation of the work provided by Mr. Collett. Viewing that evidence in the light
most favorable to the government, a rational jury could have concluded that the

value of the website was more than $250. Accordingly, Mr. Kirby is not entitled to a COA on this claim.

## VIII. Fraud Predicated on Promises as to Future Events

Mr. Kirby next argues that his conviction should be vacated because a fraud conviction cannot be predicated on unfulfilled promises as to future events—e.g., future payment for website services rendered. The state appellate court found this argument unavailing, noting that although under New Mexico law "an action for fraud will ordinarily not lie as to a pattern of conduct based on promises that future events will take place, . . . there are exceptions to this rule," and that Mr. Kirby's actions fell within one of those exceptions recognized under state law. R, Vol. I, at 27. In this federal habeas proceeding, the district court rejected this claim, endorsing the magistrate judge's conclusion that "the issue was a matter of state law, and not reviewable on habeas." *Id.* at 924. Reasonable jurists could not disagree with this outcome.

The Supreme Court has made clear that "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *id.* (alteration in original) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) (internal quotation marks omitted); yet, that is precisely what Mr. Kirby asked the district court to do here. He points to

23

no Supreme Court case law supporting his position.  Accordingly, he is not entitled to a COA on this issue.

## IX.    Mootness of Sentence-Enhancement Challenges

Mr. Kirby next asserts that the district court erred in dismissing his sentence-enhancement challenges—presented in his supplemental habeas pleading (i.e., coram-nobis petition)[10]—as moot.  The district court determined that the sentence-enhancement challenges were moot because Mr. Kirby had completed his sentence and had not demonstrated any collateral consequences flowing from the enhancement.  Reasonable jurists could not disagree with the district court's mootness determination.

---

[10]     Under our case law, a district court generally "must follow certain procedures before recharacterizing pro se pleadings as claims under §§ 2254 or 2255."  *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005).  However, in this case, we see no reason to disturb the district court's reclassification.  First, Mr. Kirby does not argue that the district court was required to follow any such procedures before recharacterizing his petition as a supplemental habeas pleading.  Additionally, the rule that courts should not *sua sponte* convert a pro se pleading into a habeas petition is based "'largely [on the] concern that a subsequent § 2255 [or § 2254] motion would be considered successive' and barred under AEDPA except 'in very limited circumstances.'"  *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (quoting *United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000)).  Thus, we have generally applied this rule "in cases where the recharacterized petition would have been the petitioner's *first* § 2255 [or § 2254] petition," thereby "prevent[ing] a prisoner from raising a legitimate claim in a subsequent [habeas] petition."  *Id.* at 1246.  In this case, however, the district court did not transform Mr. Kirby's coram-nobis petition into his *first* habeas petition.  Mr. Kirby had already filed his first § 2254 petition, and the district court was simply supplementing the claims raised in the initial petition with those raised in the supplemental pleading.  Therefore, we will not revisit the district court's conclusion that this petition constituted a supplemental habeas pleading.

24

Habeas claims will become moot upon a petitioner's release from custody unless the petitioner establishes that "sufficient collateral consequences flow from the underlying judgment and the completed sentence to save the appeal from mootness." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). On appeal, Mr. Kirby does not even attempt to defeat the mootness determination by identifying any collateral consequences of the sentence enhancement.[11] Instead, he argues that his sentence-enhancement challenge is actually a "challenge to the jurisdiction of the state court to enhance [his] sentence," which "is in fact a challenge to the conviction, not the sentence[] therefore defeating the mootness determination by the district court." Aplt. Combined Br. at 25. However, by acknowledging that he is indeed challenging "the jurisdiction of the state court to *enhance [his] sentence*," *id.* (emphasis added), Mr. Kirby's argument defeats itself; it is clear that the focus of his challenge is the sentence enhancement, not the underlying conviction. Accordingly, because Mr. Kirby has failed to demonstrate any collateral consequences flowing from the now-completed term of the sentence enhancement, the district court did not err in dismissing the challenges as moot. *See Kirby v. Janecka*, 379 F. App'x 781, 784 (10th Cir.

---

[11]     Although collateral consequences are generally presumed in the context of a challenge to a petitioner's *conviction*, that presumption has not—as the district court noted—been applied in the context of a challenge to a *sentence enhancement*, nor does Mr. Kirby argue that it should be applied in that context. *See, e.g.*, *United States v. Hernandez-Baide*, 146 F. App'x 302, 304 (10th Cir. 2005).

25

2010) (holding that the petitioner's "claim is moot because it challenges only the state court's enhancement of his already-completed sentence, and [he] has failed to show any continuing collateral consequences stemming from that enhancement"); *Lucero v. McKune*, 340 F. App'x 442, 444 (10th Cir. 2009) (holding that the petitioner's release from prison mooted his claim that his sentences were impermissibly increased because he failed to demonstrate collateral consequences associated with his previous incarceration).[12]

## X.      Evidentiary Hearing or Expansion of the Record

In his final claim, Mr. Kirby argues that the district court erred in "prohibiting expansion of the record to include evidence discovered and/or provided after trial and denying an evidentiary hearing on the matter." Aplt. Combined Br. at 22. The sole piece of newly discovered evidence that Mr. Kirby identifies before us in seeking a COA,[13] which he previously sought to present to

---

[12]      Mr. Kirby also argues that his sentence enhancement violated the Double Jeopardy Clause of the Fifth Amendment. However, this too is a challenge to the state court's authority to impose the *sentence enhancement*; it is not an attack on the *underlying conviction*. Accordingly, Mr. Kirby's sentence challenge based upon the Double Jeopardy Clause is likewise moot.

[13]      Although Mr. Kirby may have sought to present additional evidence to the district court in connection with his request to expand the record or obtain an evidentiary hearing, he only cites to us the GTFS in arguing that the district court erred in refusing to grant relief. Thus, he has abandoned any challenge based on those other pieces of evidence. *See, e.g.*, *Tran v. Tr. of State Colleges in Colorado,* 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived." (quoting *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir.1997))); *cf. United States v.*
(continued...)

26

the district court, was a "Good-Time-Figuring-Sheet (GTFS) that was generated by the [New Mexico Department of Corrections] and obtained by [Mr. Kirby] after the sentence had been enhanced," which he argues would have supported his "challeng[e] [to] the jurisdiction of the state court to enhance [his] sentence." *Id.* at 24. That is, this newly discovered evidence was offered to support one of the sentence-enhancement challenges presented in his supplemental habeas pleading (i.e., coram nobis petition). As discussed above, however, those claims are moot. Consequently, Mr. Kirby's challenge to the district court's refusal to admit this newly discovered evidence is likewise moot.

Even if this issue were not moot, Mr. Kirby would still not be entitled to relief. Under the Supreme Court's recent decision in *Cullen v. Pinholster*, habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S. Ct. 1388, 1398 (2011). Mr. Kirby's request to expand the record or to hold an evidentiary hearing seeks to place additional evidence before the federal district court that was not part of the record before the state court. This is no longer permitted under *Cullen*. Thus, Mr. Kirby is not entitled to an expansion of the record or an evidentiary hearing. *See Atkins v. Clarke*, 642 F.3d 47, 47 (1st Cir. 2011) ("The Supreme Court's new

---

[13](...continued)
*Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (concluding that the applicant waived his claim on appeal "because he failed to address that claim in either his application for a COA or his brief on appeal").

decision in *Cullen v. Pinholster* requires that we reject this appeal from a denial of a request for an evidentiary hearing in relation to a petition for habeas corpus." (citation omitted)); *see also Champ v. Zavaras*, No. 10-1308, 2011 WL 2411002, at *9–10 (10th Cir. June 16, 2011) ("Mr. Champ's requests to expand the record and to hold an evidentiary hearing to further develop the record aim to place new evidence before the federal court that was not a part of the state-court record. Under *Cullen*, this is no longer permitted."); *cf. Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) ("Under [*Cullen*], . . . the district court erred by conducting the evidentiary hearing and by relying on evidence from that hearing . . . .  Pape's federal habeas petition . . . must be adjudicated under § 2254(d)(1) and Pape 'must overcome the limitation of § 2254(d)(1) on the record that was before the state court.'" (quoting *Cullen*, 131 S. Ct. at 1400)).  Accordingly, we can discern no error in the district court's refusal to authorize the expansion of the record or an evidentiary hearing.

## CONCLUSION

For the reasons set forth above, we **DENY** Mr. Kirby's request for a COA on all claims and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

28