**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KERRY LUCERO,

      Petitioner – Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; ROGER
WERHOLTZ, Kansas Secretary of
Corrections; STEPHEN SIX, Attorney
General for the State of Kansas,

      Respondents – Appellees.

No. 19-3126
(D.C. No. 5:08–CV–03062–SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

Petitioner Kerry Lucero seeks a certificate of appealability to appeal the district

court's denial of his Rule 60(b) motion, in which he sought to challenge the mandate

entered in a prior appeal in this 28 U.S.C. § 2241 habeas case.[1]

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Petitioner's motion appears to be a true Rule 60(b) motion, for which a certificate of appealability is required, because he challenges "a procedural ruling of the habeas court which precluded a merits determination of the habeas application." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

In 2008, Petitioner filed the underlying habeas petition, in which he argued that his constitutional rights were violated when state officials aggregated his sentences from two different criminal cases. The district court denied relief, holding that Petitioner had not stated a valid claim for federal habeas relief. On appeal, this court held that Petitioner's release from prison had mooted his challenge to the legality of his imprisonment. *See Lucero v. McKune*, 340 F. App'x 442, 444 (10th Cir. 2009). We therefore vacated the district court's judgment and remanded with instructions for the district court "to dismiss without prejudice the underlying case as moot." *Id.* In accordance with this order, the district court dismissed the case without prejudice as moot on November 3, 2009.

Nearly ten years later, in May 2019, Petitioner filed a "Motion to Correct Under Rule 60(b)," in which he argued that the district court should vacate its earlier decision because this court had erred in finding his habeas challenge to be moot. (R. at 27.) Specifically, he claimed that his challenge to the aggregation of his state sentences was not moot because (1) he was still on parole, and (2) he needed his sentences to be invalidated in order to seek "damages for excess incarceration." (R. at 29–30.) The district court denied relief based on the mandate rule and law-of-the-case doctrine.

In his filings to this court, Petitioner acknowledges that "it is clearly correct tha[t] the District Court could not ignore the 10th Circuit's mandate." (Suppl. to Request for C.O.A. at 1.) Nevertheless, he argues that "this does not end the matter" because we should treat his Rule 60(b) motion in the district court and/or his motion in this court for a

certificate of appealability as a motion to recall the mandate, which we can grant even if the district court could not. (*Id.*) "Whether the district court was bound by the mandate . . ., and whether this court is bound by principles of finality to enforce our prior . . . determination, are separate inquiries." *Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah*, 114 F.3d 1513, 1520 (10th Cir. 1997) (modifying mandate, after holding that district court properly followed it, where Supreme Court had subsequently issued a directly conflicting determination on the same reservation boundary question).

Assuming without deciding that Petitioner's motions could be construed as a valid motion to recall the mandate, we hold that reasonable jurists would not dispute that he is not entitled to the requested relief. *See Okla. Chapter of Am. Acad. of Pediatrics v. Fogarty*, Nos. 05-5100, 05-5107, 2010 WL 3341881, at *2 (10th Cir. July 10, 2010) ("assum[ing], without deciding, that Rule 60(b)(6) can be invoked" at appellate level and denying relief because plaintiffs had not shown "extraordinary circumstances" as required for relief under both Rule 60(b) and the court's inherent power to recall the mandate). "[T]he power to recall or modify a mandate is limited and should be exercised only in extraordinary circumstances." *Ute Indian Tribe*, 114 F.3d at 1522. "The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998). Moreover, appellate courts must be especially cautious when considering whether to recall the mandate in a habeas case. *See id.* at 553–56. "In the absence of a strong

showing of actual innocence, the State's interests in actual finality outweigh the prisoner's interest in obtaining yet another opportunity for review." *Id.* at 557 (internal quotation marks, brackets, and citation omitted). Petitioner has not made such a showing here. His disagreement with our earlier mootness decision, on a challenge to the calculation of his sentence, is insufficient to establish the type of extraordinary circumstance in which we could permissibly recall the mandate. *Cf. id.* at 541–42, 548, 559, 566 (holding that appellate court could not recall mandate even where majority of en banc court belatedly agreed that panel decision had been erroneous; after mandate had already issued in habeas case, it "was a grave abuse of discretion" for court to recall mandate absent credible showing of actual innocence).

Thus, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge