FILED
United States Court of Appeals
Tenth Circuit

May 25, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD G. KIRBY,

      Petitioner-Appellant,

v.

JAMES JANECKA, Warden;
GARY K. KING, Attorney General for
the State of New Mexico

      Respondents-Appellees.

No. 09-2097
(D.C. No. 1:08-cv-00886)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before, **HARTZ**, **EBEL,** and **O'BRIEN**, Circuit Judges.

Petitioner Richard G. Kirby is a pro se litigant who appeals the district court's

dismissal without prejudice of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

Kirby's § 2254 petition raised nine claims for relief related to a New Mexico fraud

conviction. Upon the recommendation of a magistrate judge, the district court dismissed

Kirby's habeas petition because it contained both exhausted and unexhausted claims. We

granted Kirby a certificate of appealability because some of the claims deemed

---

[*] After examining appellant's brief and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

unexhausted by the district court (Claim Nos. 6, 8, and 9) appeared to have been exhausted. For the reasons discussed below, we reverse the district court's order and remand for further proceedings consistent with this order and judgment.

**DISCUSSION**

Kirby was convicted in a New Mexico state court on fraud-related charges and received a five-year prison sentence. In September 2008, while in custody for the fraud conviction, Kirby filed his habeas petition. Since the filing of that petition, however, Kirby has completed his New Mexico sentence and been extradited to Kansas for an unrelated offense.

**A. The Justiciability of Kirby's § 2254 Claims**

Kirby's § 2254 petition raises several claims that clearly are not cognizable under a § 2254 petition or that have been rendered moot by his release from custody for the conviction challenged. As two of those claims were ones deemed unexhausted by the district court, we will eliminate those claims from the petition before proceeding to address whether the district court correctly found certain claims unexhausted, an approach we hope will also reduce the district court's burden on remand.

Section 2254 authorizes federal courts to review habeas petitions only if the petitioner's claims satisfy both a status and a substance requirement. The status requirement mandates that the petitioner raise his claims while he is in custody, and the substance requirement mandates that those claims assert a right to release from that custody on federal law grounds. See 28 U.S.C. § 2254 (providing that a "court shall entertain an application for a writ of habeas corpus in behalf of a person in custody

2

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added); see also Triplet v. Franklin, No. 06-6247, 2010 WL 409333, (10th Cir. 2010) (unpublished) ("Federal habeas corpus relief under § 2254 does not lie to correct mere errors of state law."); McCormick v. Kline 572 F.3d 841, 847-848 (10th Cir. 2009) ("Section 2254's in custody requirement is jurisdictional"); Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009) (explaining that a petitioner satisfies the status portion of the custody requirement if he is in custody "at the time the habeas action is filed").

Kirby's petition and all of its claims have satisfied the status requirement because they were filed while he was in custody for the fraud conviction; however, Kirby's eighth claim fails to satisfy the substance requirement. This claim challenges only the validity of the state court's restitution order, not his custody.[1] Cf. Erlandson v. Northglenn Municipal Court, 528 F.3d 785, 788 (10th Cir. 2008) (explaining that "the payment of a restitution or a fine, absent more" is not cognizable under § 2254).[2]

---

[1] The district court also characterized Kirby's second claim as a challenge to the restitution order. Upon reviewing Kirby's petition, however, his second claim appears to challenge the sufficiency of the evidence to establish an element of his conviction. At this point, therefore, we decline to excise Kirby's second claim for failure to challenge his custody.

[2] Kirby has conceded that his ninth claim is moot. (See Pet. Op. Bf. at 2 ("[T]he bond issue is moot as the term of imprisonment is served . . . .) We agree with and accept that concession, and, therefore, we need not address whether it was even cognizable under § 2254 in the first place, though we have doubts as it appears to be a purely state-law based challenge to the denial of bond pending resolution of his state habeas petition.

Additionally, even if a petitioner's claims satisfy both the status and substance requirements, those claims may nonetheless become moot if, as here, the petitioner has completed his sentence for the conviction challenged.  See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998).  The claims will become moot upon the petitioner's release from custody unless the petitioner establishes that "sufficient collateral consequences flow from the underlying judgment and the completed sentence to save the appeal from mootness." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000); see also United States v. Hernandez-Baide, 146 Fed. Appx. 302, 304 (10th Cir. 2005) (unpublished) (explaining that petitioner bears the burden of proving sufficient collateral consequences).  However, claims challenging the underlying conviction are presumed to have sufficient collateral consequences.  See Spencer, 523 U.S. at 8 ("In recent decades we have been willing to presume that a wrongful conviction has continuing collateral consequences . . . .); see also Meyers, 200 F.3d at 718 (explaining that "there is a presumption of sufficient collateral consequences" where the petitioner's claims challenge the underlying conviction).

With the exception of Kirby's third and ninth claims, Kirby's remaining claims challenge his underlying conviction and are therefore entitled to the presumption that a live controversy exists.  As already noted, however, Kirby has conceded his ninth claim is moot.  Additionally, Kirby's third claim is moot because it challenges only the state court's enhancement of his already-completed sentence, and Kirby has failed to show any continuing collateral consequences stemming from that enhancement.  See Lucero v. McKune, 340 Fed. Appx. 442, 444 (10th Cir. 2009) (unpublished) (finding moot the

4

petitioner's mere allegation that his already-completed sentences were unlawfully enhanced).

Thus, having excised Claim Nos. 3, 8, and 9 from Kirby's petition, we are left with only Claim Nos. 1, 2, 4, 5, 6, and 7.

**B. Exhaustion**

Of Kirby's six remaining claims, the district court found all of Kirby's claims exhausted, with the exception of Claim No. 6. As a prerequisite to consideration of his claims on the merits, a petitioner must first show he "exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), which requires the petitioner to have provided "the state courts a fair opportunity to address the claim," Johnson v. Champion, 288 F.3d 1215, 1224 (10th Cir. 2002).

In granting the certificate of appealability in this case, we noted that Claim No. 6 appeared to have been exhausted. Respondents now concede that Kirby exhausted Claim No. 6. As we perceive no reason to reject that concession, we accept it and conclude that Claim No. 6 was exhausted.

**C. Conclusion**

Because we excised several of Kirby's claims for lack of jurisdiction to review them, including Claim Nos. 8 and 9, and because we have found Kirby's sixth claim exhausted, Kirby's petition no longer presents both exhausted and unexhausted claims. Therefore, we REVERSE the district court's order dismissing Kirby's petition and REMAND the case to the district court for consideration of the remaining claims in

5

Kirby's petition.

Entered for the Court


David M. Ebel
Circuit Judge