**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD G. KIRBY,

      Petitioner-Appellant,

v.

GARY K. KING, Attorney General for
the State of New Mexico,

      Respondent-Appellee.

No. 11-2214
(D.C. No. 1:08-CV-00886-MV-CG)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Richard G. Kirby, proceeding pro se, seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 application for federal habeas relief. See 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254 application). Because Kirby has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

I.

In 2004, Kirby was convicted on one count of fraud by worthless check under N.M. Stat. Ann. § 30-36-4, following a jury trial in Dona Ana County, New Mexico. He was sentenced to five years' imprisonment and one year of parole.

Kirby brought a direct appeal to the New Mexico Court of Appeals, which affirmed his conviction and sentence. The New Mexico Supreme Court denied Kirby's petition for a writ of certiorari. Kirby was represented by counsel both at trial and on appeal.

Kirby later filed a petition for a writ of habeas corpus with the Dona Ana County district court. In a brief two-page order, the court denied relief on all counts. First, as to Kirby's ineffective assistance of counsel claim, the court concluded that he "failed to show any actual prejudice resulting from counsel's alleged errors." ROA at 47. Second, the court concluded that Kirby's "claim concerning the credibility of evidence introduced at trial provides no basis for post-conviction relief." Id. Third, the court dismissed Kirby's claim that the evidence was insufficient to support his conviction because it believed that "[a] claim of insufficiency of evidence is generally not available in habeas corpus." Id. Finally, the court rejected Kirby's claim "that his sentence was illegally enhanced using 'unconstitutional' prior convictions." Id. at 48.

In 2008, while Kirby was still in custody, he initiated federal court proceedings by filing a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the case to a magistrate judge, who concluded that Kirby's petition should

be dismissed without prejudice because it raised claims for relief that Kirby had not exhausted in state court. The district court adopted the magistrate judge's recommendation and dismissed the case without prejudice. Kirby sought a certificate of appealability in this court, which we granted. See Kirby v. Janecka, 379 F. App'x 781, 782 (10th Cir. 2010) (unpublished). Upon review, we reversed the district court's judgment and remanded for further proceedings. Id. We determined that while three of Kirby's nine claims were moot, his remaining six claims had been exhausted in state court and were ripe for federal habeas review. Id. at 782-84.

Upon remand, the district court re-referred the case to a magistrate judge to consider Kirby's remaining six claims.[1] Kirby claimed that: (1) the evidence introduced at his trial was insufficient to support a conviction; (2) the trial judge erred by failing to grant his motion for acquittal; (3) the prosecutor engaged in misconduct when he failed to produce exculpatory evidence and knowingly elicited perjured testimony from a witness; (4) during closing arguments, the prosecutor improperly vouched for the credibility of three witnesses and shifted the burden of proof for producing key evidence; (5) his trial counsel was ineffective in numerous ways; and (6) his appellate counsel was ineffective in failing to raise meritorious arguments.

The magistrate judge issued a twenty-six-page recommendation that the district court dismiss all of Kirby's claims with prejudice. As to Kirby's sufficiency-of-the-

---

[1] In the meantime, Kirby was released from parole supervision in August 2010.

evidence claim, the magistrate judge noted that the state court did not adjudicate the claim on the merits. As such, the magistrate judge conducted a de novo review of the record and concluded that the evidence was sufficient under the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979). Second, the magistrate judge determined that the district court was without jurisdiction to consider Kirby's challenge to the state court's denial of his motion for acquittal because it involved an issue of state law. Third, the magistrate judge concluded that Kirby's numerous allegations of prosecutorial misconduct—which the state court also did not address—did not render the trial fundamentally unfair under clearly established federal law. Finally, as to Kirby's ineffective-assistance-of-counsel claim, the magistrate judge concluded that the state court's application of a substantial equivalent of the Strickland "prejudice prong" was not an unreasonable application of clearly established federal law.

The district court, in its own seventeen-page opinion, adopted the magistrate judge's proposed findings and recommended disposition, with two exceptions. First, the court concluded that the prosecutor improperly vouched for the credibility of two witnesses during closing arguments. But viewed in the context of the entire trial proceeding, the court determined that "the prosecutor's comments about the witnesses' credibility did not result in a fundamentally unfair trial or a denial of due process." ROA at 1073-74. Second, the court concluded that the prosecutor impermissibly shifted the burden of proof to the defendant to produce exculpatory evidence and thereby establish his own innocence. Again, however, "considering all of the evidence and the entirety of

-4-

the closing argument, the prosecutor's comment did not deprive [Kirby] of his right to a fundamentally fair trial." Id. at 1074.

The district court dismissed Kirby's petition with prejudice on September 30, 2011, and entered judgment the same day. Kirby requested a COA from the district court, which the court denied. Kirby filed a timely notice of appeal. He has since filed a combined opening brief and application for COA in this court.

II.

Our granting of a COA is a jurisdictional prerequisite to Kirby's appeal from the denial of his § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("'The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal.'" (quoting Slack v. McDaniel, 529 U.S. 473, 482 (2000))). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "the standard of review applicable to a particular claim depends upon how that claim was resolved by the state courts." Alverson v. Workman, 595 F.3d 1142, 1146 (10th Cir. 2010).

> If a claim was addressed on the merits by the state courts, we may not grant federal habeas relief on the basis of that claim unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

-5-

proceeding."

Id. (citations omitted). "[W]e owe deference to the state court's result, even if its reasoning is not expressly stated." Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999). To the extent that the state court did not address the merits of a claim and the federal district court made its own determination in the first instance, we engage in a "preliminary, though not definitive, consideration," Miller-El, 637 U.S. at 338, of the district court's legal framework to determine whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack, 529 U.S. at 484.

As we discuss in detail below, the state courts did not rule on all of the issues Kirby raised in his state habeas petition. Under AEDPA, we owe deference to the state habeas court's decision on Kirby's ineffectiveness of counsel claim. We also owe deference to the New Mexico Court of Appeals' decision on Kirby's claim that the prosecution improperly shifted the burden of proof during closing argument. We will not defer to the federal district court's de novo review of Kirby's claims on sufficiency of the evidence and his other claims of prosecutorial misconduct.

### *Sufficiency of the Evidence*

In his petition to the district court, Kirby contended that there was insufficient evidence to support his conviction for fraud by worthless check. In his combined opening brief and application for a COA to this court, Kirby included a section entitled "INSUFFICIENT EVIDENCE." But we cannot discern a substantive legal argument or a

reasoned basis for granting a COA from the conclusory statements under that heading.

In a sufficiency-of-the-evidence challenge, the pertinent "clearly established Federal law" requires courts to determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. The state district court, upon review of Kirby's state habeas petition, denied review of this claim because it believed, incorrectly, that "[a] claim of insufficiency of evidence is generally not available in habeas corpus." ROA at 47. Because the state court did not consider the merits of Kirby's sufficiency-of-the-evidence claim, the federal district court undertook a de novo review of the evidence at trial under the Jackson standard.

While we liberally construe Kirby's pro se submissions, "we are not required to fashion [Kirby's] arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted); see also Am. Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal."). Kirby did not attempt to make a substantial showing of the denial of a constitutional right, as required under AEDPA. Generously construed, Kirby's sufficiency-of-the-evidence arguments are cumulative of his arguments on prosecutorial misconduct and ineffective assistance of counsel, which we will address individually. Even so, we have no difficulty concluding that reasonable jurists would not

-7-

debate the district court's determination that there was sufficient evidence at trial to convict Kirby of fraud by worthless check. See Slack, 529 U.S. at 484. Kirby is not entitled to a COA on this claim.

***Prosecutorial Misconduct***

Kirby raised prosecutorial misconduct arguments in his state habeas petition, but the state court did not address the claims in its order. In the absence of an adjudication on the merits, the district court properly conducted de novo review of this claim.

First, Kirby alleged that the state prosecutor violated his duty under Brady v. Maryland, 373 U.S. 83 (1963), to disclose exculpatory evidence. He contended that the prosecutor should have produced (1) the unused airline tickets he purchased from Adventure Travel in exchange for the check, (2) a Las Cruces Police Department report regarding an alleged physical threat made by William Mattiace, a co-owner of Adventure Travel, against Kirby, and (3) documentation of funds drawn out of Kirby's checking account by Tom Laws, his accountant. After analyzing each piece of evidence Kirby identified as exculpatory, the district court concluded that none of the evidence would have been "material" to his defense, such that there was a "reasonable probability" that the result of the proceeding would have been different if the documents had been disclosed. See United States v. Bagley, 473 U.S. 667, 682 (1985) ("A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."). "A Brady violation has three essential elements: the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence

must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Douglas v. Workman, 560 F.3d 1156, 1173 (10th Cir. 2009) (quotations omitted). "Prejudice satisfying the third element exists when the suppressed evidence is material for Brady purposes." Id. (quotations omitted).

The district court's conclusion on the alleged Brady violations is neither debatable nor wrong. Even if Kirby had been able to impeach Mattiace with the police report, it is highly unlikely that such an attack on Mattiace's character would have changed the jury's verdict. As the magistrate judge remarked, "the collection efforts by Mr. Mattiace are not a defense to the crime under New Mexico law." ROA at 1026. The cancelled airline tickets also could not have helped Kirby's cause. We agree with the district court's observation that "whether or not the tickets were actually used [was] irrelevant to a determination of guilt." Id. at 1069. The district court also reasonably concluded that any documentation of funds drawn out of Kirby's checking account by Tom Laws was neither exculpatory nor within the state's custody or control. In sum, the district court's conclusions on this issue are not reasonably subject to debate.

In Kirby's second claim of prosecutorial misconduct, he alleges that the prosecutor knowingly elicited perjured testimony from a witness and failed to correct the witness's false statements. He claims that Mattiace perjured himself when he denied making physical threats to Kirby. He also claims that Laws perjured himself when he said he had drawn only two checks using Kirby's account. The prosecution, Kirby claims, had evidence that Laws had drawn on the account more than twice. While Kirby is correct

that "uncorrected perjured testimony by a key prosecution witness" can be constitutional error under Napue v. Illinois, 360 U.S. 264 (1959), the allegedly false testimony of these witnesses was not material to the prosecution's case. We agree with the district court that the testimony had "no bearing on whether [Kirby] actually committed the crime." ROA at 1070.

Third, Kirby alleges that the prosecutor engaged in two types of misconduct during closing argument. First, he alleges that the prosecutor impermissibly vouched for the credibility of three witnesses during closing argument. The district court determined that the prosecutor engaged in improper vouching by "clearly expressing his opinion about the truth of the witnesses' testimony." Id. at 1073. But taken in the context of the entire trial proceeding, the district court concluded that the prosecutor's comments "did not result in a fundamentally unfair trial or a denial of due process." Id. at 1073-74.

Kirby also alleges that the prosecutor advised the jury that Kirby, not the government, had the burden of producing exculpatory evidence. The New Mexico Court of Appeals addressed Kirby's burden-shifting argument on direct appeal. The court concluded that while "[i]t is not at all clear that the prosecutor's statement was in any way improper," any error was cured by the district court's instruction to the jury to disregard the statement. Id. at 34-35. We agree with the district court that this comment "did not deprive [Kirby] of his right to a fundamentally fair trial" in the context of the entire proceeding, especially in light of defense counsel's contemporaneous objection and the court's admonition. Id. at 1074.

-10-

Kirby contends that the district court "failed to address the cumulative effect of the two acknowledged errors" of improper vouching and burden shifting. Aplt. Br. at 31. But this is precisely what the district court did. The court explicitly "consider[ed] all of the evidence and the entirety of the closing argument." ROA at 1074. The district court's assessment of these claims is not subject to debate, and Kirby is not entitled to a COA for any of his claims of prosecutorial misconduct.

***Ineffective Assistance of Counsel***

Unlike his claims of prosecutorial misconduct, the state court expressly denied habeas relief on Kirby's claims of ineffective assistance of counsel. The court cited a New Mexico Supreme Court opinion, State v. Schoonmaker, 176 P.3d 1105 (N.M. 2008), which, in turn, relied on Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Second, the defendant must show that his counsel's deficient performance actually prejudiced his defense by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

When a state court has adjudicated a claim on the merits, we may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"

or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because Kirby seeks a COA to appeal the denial of his habeas claim for ineffective assistance of counsel, our review is "doubly deferential." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Id. (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)) (internal quotation marks omitted). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id.

The state court concluded that Kirby "failed to show any actual prejudice resulting from counsel's errors." ROA at 47. Kirby contends that we must consider his trial counsel's "affidavit of ineffectiveness," which "has never been litigated in an evidentiary hearing, by any court, on the merits." Aplt. Br. at 34. It is not clear from the state district court's order dismissing Kirby's habeas petition that the court took counsel's affidavit into consideration. See Wilson v. Sirmons, 536 F.3d 1064, 1080 (10th Cir. 2008) ("The question, then, is whether the state court considered this evidence when it rendered its decision. If so, its decision is entitled to deference; if not, we must make our own de novo evaluation."). But even when we apply de novo review and set aside AEDPA deference, see id. at 1081, it is apparent that Kirby has failed to show a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have

been different.  Focusing only on the second prong of the Strickland analysis, it is not

reasonably likely that the trial counsel's failure to subpoena Officer Ricky Madrid,

discover impeachment evidence, and secure the production of certain documents actually

prejudiced Kirby's defense.  In other words, there is not a reasonable probability that this

evidence would have been material to the outcome of the trial.  First, had counsel secured

the testimony of Officer Madrid, who investigated William Mattiace's alleged bomb

threat against Kirby, the officer's testimony would not have been relevant to the jury's

consideration of Kirby's guilt.  The testimony was simply collateral to the charged

offense.  Second, had counsel obtained copies of the airline tickets issued to Kirby in

exchange for the worthless check, the evidence would have been of little utility to the

defense.  It was not the prosecution's burden to prove that Kirby actually used the airline

tickets he fraudulently acquired; the state merely had to show that Kirby issued a

worthless check, with intent to defraud, in exchange for "anything of value."  N.M. Stat.

Ann. § 30-36-4.  The tickets had value when Kirby acquired them.  Finally, counsel's

failure to secure and introduce evidence of Tom Laws's loan documents, despite his

failed last-minute attempt to compel production, was not prejudicial because the

documents were minimally relevant to the charged offense.  Even assuming the truth of

these allegations and considering their cumulative effect, we conclude that the claim falls

short of establishing prejudice under Strickland.

Kirby has failed to show that the state court's decision were contrary to, or

involved an unreasonable application of, the Strickland standard.  He is not entitled to a

COA on this claim.

*Conclusion*

We have construed Kirby's filings liberally because he is proceeding pro se.  See

Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).  But because Kirby has not

"made a substantial showing of the denial of a constitutional right," he is not entitled to a

COA.  28 U.S.C. § 2253(c)(2).

III.

We DENY Kirby's application for a COA and DISMISS the matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge